CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 21 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER M. GAINES,** ) | |
| ) | |
| Plaintiff, ) | CASE NO. 7:19CV00248 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **MARY C. SMITH, M.D., DIRECTOR,** ) | By: Hon. Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendant. ) | |

Plaintiff Christopher M. Gaines, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, against the director of Western State Hospital ("WSH"). After review of Gaines' submissions, I conclude that his complaint must be summarily dismissed.

Gaines alleges that while he was a WSH patient, he "swallowed plastic that was mixed in [his] scrambled eggs and it caused internal bleeding." (Compl. 4 [ECF No. 1].) During another meal, he was served "outdated, rotten eggs" that made him "sick, to the point of prolonged vomiting." (Id.) Someone allegedly provided him with blood-contaminated linens that also caused him to become "physically sick." (Id.) Gaines also felt "discriminated against" at WSH; he alleges that he "was never allowed any of the privledges [sic] provided to other individuals," because he had filed complaints to the director. (Id.) Gaines is now confined at the Northwestern Regional Adult Detention Center in Winchester, Virginia.

In his § 1983 complaint, Gaines sues the WSH director, Mary C. Smith, M.D. He contends that Smith has a duty to manage her staff and oversee the care of each patient and that she and her subordinates failed to follow WSH policy when no one responded to Gaines' complaints or

provided him with an advocate regarding his complaints. As relief in this lawsuit, Gaines seeks monetary damages.[1]

The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

First, Gaines does not have a constitutional right for WSH officials to follow hospital or state regulations. Violations of state law by state officials do not provide basis for constitutional claims under §1983. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990). Thus, I must summarily dismiss his § 1983 claims against Smith for merely failing to respond to his complaints, provide him an advocate, or otherwise follow WSH policies.

Second, Gaines does not claim that Smith herself placed plastic in his food or served him rotten eggs that caused him to become ill, or that she knew such things had happened at WSH before Gaines' incidents, but failed to address the problem. Rather, Gaines seeks to impose liability on this defendant merely based on her supervisory role at WSH. Such a claim is not actionable under § 1983. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights [because t]he doctrine of respondeat superior has no application" under § 1983. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citations omitted). Because Gaines does not allege facts indicating that Smith acted personally in any way that deprived him of constitutionally protected rights, he states no § 1983 claim against

---

[1] Gaines also seeks to have Smith removed from her position as WSH director, a form of relief not available under § 1983.

2

this defendant. Therefore, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1).

For the stated reasons, I conclude that Gaines' § 1983 action must be summarily dismissed without prejudice for failure to state a claim upon which relief could be granted. 28 U.S.C. § 1915A(b)(1). An appropriate order will enter herewith. Dismissal without prejudice leaves Gaines free to refile one or more of his claims in a new and separate civil action provided that he can correct the deficiencies described in this Opinion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTERED** this 21st day of May, 2019.

SENIOR UNITED STATES DISTRICT JUDGE